# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4429 | **DATE** | 8/14/2008 |
| **CASE TITLE** | Cortez Jones (R-26113) v. Terry McCann | | |

**DOCKET ENTRY TEXT:**

Petitioner has filed a petition for habeas corpus relief under 28 U.S.C. § 2254 and has paid the $5.00 filing fee. His motion to stay this case pending resolution of his post-conviction petition in state court [#3] is granted. The case is stayed. The respondent need only enter an appearance at this time; a response to the petition is not required until the stay is lifted. The Clerk is directed to place this case on the suspense docket. To proceed with the current § 2254 petition, Petitioner must file a motion, using the same title and case number of this case, requesting that the stay be lifted. Petitioner is given 60 days from the date his state proceedings are no longer pending to file a motion to lift the stay. Illinois Attorney General Lisa Madigan is dismissed as a respondent.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

    Petitioner Cortez Jones, a state prisoner incarcerated at the Stateville Correctional Center, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Challenging his 2002 conviction for first degree murder, Petitioner alleges that he received ineffective assistance of counsel and that the prosecutor failed to divulge exculpatory evidence and used perjured testimony.

    Petitioner states that he is currently seeking post-conviction relief in the state appellate court, and he seeks to stay the instant proceedings pending resolution of his pending post-conviction petition. The Court grants his motion, and stays the instant proceedings until he has exhausted state court remedies. *See Arrieta v. Battaglia* 461 F.3d 861, 866 (7th Cir. 2006); *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). To proceed with the current petition, Petitioner must file a motion (using the same title and case number stated above), notifying the Court that his state court proceedings are no longer pending and requesting that the Court lift the stay. Petitioner is given 60 days from the date his state court proceedings are no longer pending to file a motion to lift the stay. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (*citing Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)). The respondent need only enter an appearance at this time, and need answer the petition or otherwise plead only after the stay has been lifted.
**(CONTINUED)**

isk

**STATEMENT (continued)**

Petitioner is instructed to file all future papers in this case with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any court filing to the Chief of the Criminal Appeals and Habeas Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Petitioner.

On the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a respondent. The Attorney General is a proper respondent only if the petitioner is challenging a sentence he has not yet begun serving. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996); Rules 2(a), (b) of the Rules Governing Section 2254 Cases. Petitioner is not challenging a future sentence, but rather his current confinement. The Illinois Attorney General is not a proper party, and the proper respondent is the warden of Petitioner's current place of confinement. *See Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005).