UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, *ex rel.* CORTEZ JONES, <br><br> Petitioner, <br><br> v. <br><br> CHRISTINE BRANNON, Warden, Danville Correctional Center,[1] <br><br> Respondent. | No. 08 C 4429 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

In a Memorandum Opinion and Order dated September 2, 2010, I held that Petitioner's ineffective assistance of counsel claim was procedurally defaulted, but Petitioner may be able to establish the miscarriage of justice exception to procedural default. I then ordered an evidentiary hearing as to Petitioner's procedural claim of actual innocence, which was held on August 20, 21, and 22, 2013. On the basis of that hearing, my review of the record, and the parties' submissions, I wrote a Memorandum Opinion and Order dated September 25, 2014, where I held that Petitioner satisfied the miscarriage of justice exception and a merits-review of his otherwise defaulted claim of ineffective assistance of counsel was justified. I further concluded that 28 U.S.C. § 2254(d)(1) and 28 U.S.C. § 2254(a)(1) were satisfied, and I granted the petition for a writ of habeas corpus. I assume the reader's familiarity with the facts as set forth therein. This case is now before me on Respondent's motion to alter or amend a judgment pursuant to Rule 59(e).

---

[1] The named respondent in this habeas action was originally Terry McCann, but since filing his petition, Petitioner was transferred to numerous correctional centers. Most recently, Petitioner was transferred to Danville Correctional Center, where Christine Brannon is warden. As the "state officer having custody of the applicant," Brannon is substituted as the named respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Fed. R. Civ. P. 25(d).

1

A motion under Rule 59(e) serves the limited function of drawing the court's attention to manifest errors of law or fact or to newly discovered evidence. *Edgewood Manor Apartment Homes, LLC v. RSUI Indemnity Co.*, 733 F.3d 761, 770 (7th Cir. 2013); *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). More particularly, a Rule 59(e) motion will be successful only where the errors of law or fact or the newly discovered evidence "clearly establish[]" that the judgment was improperly entered. *Cincinnati Life Ins. Co. v. Breyer*, 777 F.3d 939, 954 (7th Cir. 2013); *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). A Rule 59(e) motion is not a vehicle for rehashing previously rejected arguments. *See RSUI Indemnity Co.*, 733 F.3d at 770 (stating "a Rule 59(e) motion is not a fresh opportunity to present evidence that could have been presented earlier") (citations omitted).

Here, Respondent argues that I misconstrued the actual innocence standard—as set forth in *Schlup v. Delo*, 513 U.S. 298 (1995)—by overlooking several important facts. Most importantly, Respondent disagrees with how I assessed Michael Stone's credibility. However, this argument fails to persuade me. Mr. Stone's claim of sole responsibility for shooting Friday Gardner has been consistent from the beginning and the most persuasive forensic evidence and eyewitness testimony in the record support what Stone said.

Respondent also argues that Petitioner is accountable for the actions of Mr. Carter even if he is not responsible for the actions of Mr. Stone. To support this argument, Respondent cites to *People v. Cooper*, 194 Ill.2d 419, 743 N.E.2d 32 (Il. 2000), where accountability hinged on whether the two parties shared a common criminal design. However, this argument overlooks the identity of the crime. Asking someone to return money in and of itself is not criminal.

Because Respondent has not pointed out any manifest errors or newly discovered evidence, I deny Respondent's motion to reconsider.

ENTER:

James B. Zagel
United States District Judge

DATE: December 30, 2014